UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **Larry Kopchak,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No.  3:14-cv-03617-JFA |
| | ) | |
| **United Recovery Systems, LP,** | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Larry Kopchak, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter "FDCPA").  The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina law as set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331, §1332, and §1367.  Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff, Larry Kopchak, is a resident and citizen of the State of South Carolina, Lee County, and is over the age of twenty-one (21) years.  Plaintiff is a "consumer"

as that term is defined in 15 U.S.C. §1692a(3).

4. United Recovery Systems, LP (hereinafter "United") is a Texas corporation that may be served with process through its registered agent, C T Corporation System, 2 Office Park Ct., Suite 103, Columbia, SC 29223. Defendant United was in all respect and at all times relevant herein doing business in the State of South Carolina and is a debt collector as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) and is regularly engaged in the collection of debts.

## FACTUAL ALLEGATIONS

5. Defendant has made multiple harassing telephone calls to Plaintiff's cellular telephone and Plaintiff's home telephone. Said calls to Plaintiff were made in an attempt to collect several alleged debts from Plaintiff on a number of accounts allegedly purchased by Defendant. These accounts include, but are not limited to a Sears credit card account and a Chase account. This Complaint does not include calls made to collect on Capital One account number ending 8090.

6. Defendant made telephone calls to Plaintiff's home and cellular telephone and has made those calls over the course of the last three years. Over the course of the last year, Defendant has continued to make multiple telephone calls per day to Plaintiff's cellular and home telephone number. Defendant's calls were made multiple times per day and were for the sole purpose of harassing, annoying or coercing Plaintiff into paying an alleged debt.

7. The continuous calls to his home pushed Plaintiff to his wit's end. Plaintiff has spent

the last several years dealing with his wife's chronic, and ultimately terminal, illness and he has not been allowed a moment's peace in his own home due to the constant telephone calls of Defendant.

8. Additionally, Defendant made numerous telephone calls to Plaintiff's cellular telephone, which doubles as his business phone to attempt to collect these alleged debts.

9. Upon information and belief, a number of calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

10. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

11. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).

12. Plaintiff made clear to Defendant that he wished to no longer be called on his cellular telephone by stating his desire to be left alone to representatives of Defendant when said representatives made calls to Plaintiff.

13. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

14. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

## COUNT ONE
## TELEPHONE CONSUMER PROTECTION ACT

15. Plaintiff adopts the averments and allegations of paragraphs 5 through 14 hereinbefore as if fully set forth herein.

16. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

17. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT TWO
## TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff adopts the averments and allegations of paragraphs 5 through 17 hereinbefore as if fully set forth herein.

19. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

20. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT THREE
## FAIR DEBT COLLECTIONS PRACTICES ACT

21. Plaintiff adopts the averments and allegations of paragraphs 5 through 20 hereinbefore as if fully set forth herein.

22. Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiff and his alleged consumer debts.

23. Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

24. Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5).

25. Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

26. As a proximate result of Defendant's actions, Plaintiff was caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which he seeks the maximum statutory damages, actual damages, plus attorney's fees and costs.

## COUNT FOUR
## INVASION OF PRIVACY

27. Plaintiff adopts the averments and allegations of paragraphs 5 through 26 hereinbefore as if fully set forth herein.

28. South Carolina state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff.

29. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to his home to collect an alleged debt.

30. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy.

31. The conduct of Defendant in engaging in the systematic campaign of harassment by repeatedly telephone the Plaintiff demonstrates the Defendant's blatant and shocking disregard for Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

33. Additionally, as all of the acts undertaken and performed by Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiff is also entitled to punitive damages from Defendant.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. The Plaintiff adopts the averments and allegations of paragraphs 5 through 33 hereinbefore as if fully set forth herein.

35. Defendant intentionally or recklessly inflicted severe emotional distress on Plaintiff, or should have been substantially certain that such distress would result from its conduct when it committed the above-alleged conduct. Said conduct was part of a conscious scheme of Defendant to harass Plaintiff into making payments on an alleged debt through practices are that forbidden by South Carolina law.

36. The conduct of Defendant was extreme, outrageous, and exceeded the bounds of decency.

37. The conduct of Defendant must be regarded as utterly intolerable in a civilized society.

38. The actions of Defendant caused Plaintiff to suffer severe emotional distress.

39. The distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

40. As a result of Defendant's conduct, Plaintiff has been made to suffer severe emotional distress, mental anguish, severe physical pain and suffering, anxiety, and humiliation. Plaintiff is entitled to actual damages for Defendant's intentional infliction of emotional distress as well as punitive damages.

## COUNT SIX
## NEGLIGENT TRAINING AND SUPERVISION

41. The Plaintiff adopts the averments and allegations of paragraphs 5 through 40 hereinbefore as if fully set forth herein.

42. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns,

the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

43. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and was in violation of the TCPA, FDCPA and/or South Carolina state and common law.

44. Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

45. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT SEVEN
## RECKLESS AND WANTON TRAINING AND SUPERVISION

46. Plaintiff adopts the averments and allegations of paragraphs 5 through 45 hereinbefore as if fully set forth herein.

47. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

48. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and in violation of the TCPA, FDCPA, and/or South Carolina state and common law.

49. Defendant recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

50. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. Statutory damages of $500.00 from Defendant for each and every violation of the TCPA;

B. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phones by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C. Actual damages for the Defendant's violations of the FDCPA;

D. Statutory damages of $1,000 for the Plaintiff from Defendant pursuant to 15 U.S.C. §1692k;

E. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. § 1692k;

F. Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendants' Invasion of Privacy, Intentional Infliction of Emotional

Distress, Negligent Training and Supervision and Reckless and Wanton Training and Supervision;

G. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 W. Evans St.
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
United Recovery Systems, LP
C T Corporation System - registered agent
2 Office Park Ct., Suite 103
Columbia, SC 29223